IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY CUMMINGS, | : | Civil No. 1:25-CV-01867 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Barry Cummings ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the determination made by the Bureau of Prisons ("BOP") to not release him to a halfway house under the Second Chance Act. (Doc. 1.) For the reasons set forth below, the court will dismiss the petition and close the case.

### PROCEDURAL HISTORY

Petitioner is currently housed in the Federal Correctional Institution-Allenwood Low ("FCI-Allenwood Low") in White Deer, Pennsylvania and is serving a federal sentence. (Doc. 1.) He gives no information concerning his underlying criminal conviction. (*Id.*)

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 in October of 2025. (*Id.*) On October 6, 2025, the court entered an order instructing Petitioner to pay the statutorily required filing fee or file a motion to proceed *in*

1

*forma pauperis* within thirty-days. (Doc. 3.) On November 3, 2025, Petitioner paid the court filing fee. The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Allenwood Low in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

Petitioner insists that the Second Chance Act[1] requires that he be released to home confinement, citing 18 U.S.C. § 3624(c), and he is being denied this change

---

[1] In addressing Petitioner's claims under Section 3624, the court recognizes that Petitioner's earned time credits under the First Step Act are being applied towards his sentence. (Doc. 1-6.) Therefore, the Section 2241 petition only concerns any potential credits under the Second Chance Act. (Doc. 1.)

2

in custody because of his immigration status. (Doc. 1.) However, the court disagrees.

> Section 3624(c) states the following, in pertinent part:
>
> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph

18 U.S.C. § 3624(c). However, the Bureau of Prisons ("BOP") has exclusive discretion to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(a). This is further highlighted in 18 U.S.C. § 3624(c)(4), which states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."

Under 18 U.S.C. § 3624(c), the BOP is authorized to consider placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled to nor guaranteed such placement for any amount of time. 18 U.S.C. § 3624(c). *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005). "Such placement decisions are solely within the

3

discretion of the BOP." *Selmon v. Quay*, No. 3:21-cv-1714, 2022 WL 1271718 at *4 (M.D. Pa. Apr. 28, 2022). Therefore, the court does not have the authority to review the BOP's decision denying Petitioner's request to be placed in home confinement under the Second Chance Act, and the petition will be dismissed.

## CONCLUSION

Petitioner's Section 2241 petition will be dismissed pursuant to Rule 4, and the case will be closed. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: November 17, 2024